UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PETER C. DAVIS, III, and<br>MERRY WHITE, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 16-cv-11783-IT |
| OFFICE DEPOT, INC. and<br>OFFICEMAX INCORPORATED, | * * * | |
| Defendants. | * * * | |
| MICHELLE B. SIGEL | * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 16-cv-11823-IT |
| OFFICE DEPOT, INC. and<br>OFFICEMAX INCORPORATED, | * * * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

November 28, 2016

TALWANI, D.J.

This Memorandum addresses motions to transfer or stay claims in two separate cases. In both cases, plaintiffs seek a declaratory judgment relating to certain restrictive covenants in agreements with defendants. The motions are based on a forum selection clause in the agreements. Because the defendants are the same in both actions and the motions to dismiss are almost identical and are based on the same agreement, the court addresses the motions jointly.

Although all parties agree that venue is permissible here, defendants Office Depot, Inc., and OfficeMax Incorporated contend that the court should transfer the cases to the Southern District of Florida because their former employees, plaintiffs Merry White and Michelle B. Sigel, agreed to jurisdiction and venue in Florida, agreed that Florida law governs the dispute, and knew before filing here of the pendency of another lawsuit in the Southern District of Florida involving the issue of whether an identical agreement is enforceable. Plaintiffs White and Sigel respond that the forum selection clause in the agreement precludes defendants from challenging the forum here and that in any event, the case should remain under 28 U.S.C. § 1404(a). The court finds that the forum selection clause at issue does not preclude defendants from challenging this forum. The court nonetheless finds that transfer is not warranted, and accordingly, DENIES defendants' motions.

I.   Background

On September 6, 2016, plaintiffs Peter C. Davis III and Merry White filed an amended complaint against their former employers, defendants Office Depot, Inc.[1] Civ. Action No. 16- cv-11783, Am Compl. [#4]. The amended complaint sought a declaratory judgment concerning certain restrictive covenants contained in an agreement that Davis may have signed and a declaratory judgment concerning certain restrictive covenants in a different agreement, the Associate Non-Competition, Confidentiality and Non-Solicitation Agreement ("Agreement"), signed by White. Civ. Action No. 16-cv-11783, Am. Compl. ¶¶ 16, 33-36 [#4]; Am. Compl. Ex. A [#4-1].[2]

---

[1] The original complaint was filed only by Davis. Civ. Action No. 16-cv-11783, Compl. [#1].
[2] Davis is not alleged to be a signatory to the Agreement at issue in the motion to transfer.

The following day, plaintiff Michelle B. Sigel filed her complaint as a related case against the same former employer defendants. Civ. Action No. 16-cv-11823, Compl. [#1]. Like White, Sigel sought a declaratory judgment concerning certain restrictive covenants contained in the Agreement. Civ. Action No. 16-cv-11823, Compl. ¶¶ 12, 20-23 [#1].

On October 4, 2016, defendants moved to transfer White and Sigel's claims[3] to the Southern District of Florida, relying on a choice of law and venue provision in the Agreement. That provision states:

> All issues and questions concerning the construction, validity, enforcement, and interpretation of this Agreement shall be governed by, and construed in accordance with, the laws of the State of Florida, without giving effect to any choice of law or conflict rules or provisions (whether of the State of Florida or any other jurisdiction) that would cause the application of the laws of any other jurisdiction. Any claim or dispute arising out of or relating to the Agreement . . . shall be heard and determined exclusively by the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, unless federal jurisdiction is available, in which case the Southern District of Florida, shall have exclusive jurisdiction to hear and determine such claim or dispute; provided, however, that such courts shall not have exclusive jurisdiction if Associate's principal place of employment is outside of Florida and Associate's primary duty is direct sales to customers of Office Depot in a defined territory that does not include Florida. The parties expressly submit and consent in advance to the jurisdiction of such courts in any action or suit commenced in such court, and each party hereby waives any objection that it may have based upon lack of personal jurisdiction, improper venue or *forum non conveniens*.

On October 26, 2016, Sigel filed an Amended Complaint, and, on November 1, 2016, with leave of court, White and Davis filed their Second Amended Complaint [#39]. The amended complaints add additional claims but retain the same allegations relating to the Agreement.

---

[3] Defendants have not moved to transfer or stay Davis' claims, but did move to sever his claims from White's claims. Civ. Action No. 16-cv-11783, Mot. Sever [#20]. The court denied the motion to sever without prejudice to severing the claims in connection with the motion to transfer. Civ. Action No. 16-cv-11783, Electronic Order [#32].

II.     Defendants Have Not Waived Their Right to Seek a Transfer under 28 U.S.C. § 1404(a)

Plaintiffs assert that defendants' motions to transfer are barred by the waiver provision in the Agreement. Defendants respond that the motion is not barred because they are not objecting to venue on the grounds of *forum non conveniens* ground and instead are seeking a transfer under 28 U.S.C. § 1404(a).

The court finds no waiver, but for different reasons than those articulated by defendants. Defendants are correct that the common law doctrine of *forum non conveniens*, which allowed the court to dismiss a case altogether, differs from transfer pursuant to § 1404(a), which allows a case to proceed, albeit in a different forum. Norwood v. Kirkpatrick, 349 U.S. 29, 31 (1955). But the common law doctrine no longer applies in federal court, except where the alternative forum is abroad or is a state or territorial court. Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430 (2007). "For the federal court system, Congress has codified the doctrine and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action." Id.; see also Atlantic Marine Const. Co. v. U.S. Dist. Ct. for the W. Dist. of Texas, 134 S. Ct. 568, 580 (2013) ("Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system"). Defendants' interpretation of the phrase "objection . . . based upon . . . *forum non conveniens*" as limited to a common law doctrine which in most circumstances no longer applies in federal court cannot be derived from the plain reading of that Agreement.

Defendants' understanding of the venue provision–that the court may consider a motion to transfer venue between two different permissible venues–does find support, however, in the language of the Agreement. The Agreement contemplates a general venue rule, with exclusive

4

jurisdiction in Florida courts. The waiver language applies in these general cases, as "[t]he parties expressly submit and consent in advance to the jurisdiction of such courts in any action or suit commenced in such court, and each party hereby waives any objection that it may have based upon lack of personal jurisdiction, improper venue or *forum non conveniens*." The term "such courts" refers to the Florida courts with exclusive jurisdiction, and the waiver provision applies to actions brought in "such courts." In those circumstances, the parties have agreed not to seek to transfer the case to a different venue. But "where the Associate's principal place of employment is outside of Florida and the Associate's primary duty is direct sales to customers in a defined territory that does not include Florida," "such courts shall not have exclusive jurisdiction." And in those circumstances – where venue may be improper or inconvenient–the parties have not consented in advance to the jurisdiction of any one court, nor waived their objections. The court thus utilizes the §1404(a) standards, rather than a race to the courthouse, to decide whether a transfer is appropriate.

    III.    <u>Because the Parties Have Not Agreed to a Single Forum, the Atlantic Marine Adjustments to the 28 U.S.C. § 1404(a) Analysis Do Not Apply.</u>

Defendants assert that private interest factors and plaintiffs' choice of forum are irrelevant in determining whether to transfer the action here because of a forum selection clause. Defendants' argument fails because the parties did not agree to a single forum.

28 U.S.C. § 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Section 1404(a) "place[s] discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" <u>Steward Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988) (quoting <u>Van Dusen v.</u>

Barrack, 376 U.S. 612, 622 (1964)). A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors. Id.

If the parties have an "agreement as to the most proper forum" and have "agree[d] by contract to bring suit only in a specified forum," the court adjusts this analysis. Atlantic Marine Const. Co., 134 S. Ct. at 581. This is because "courts should not unnecessarily disrupt the parties' settled expectations" when they "have contracted in advance to litigate disputes in a particular forum." Id. In these circumstances, a plaintiff's choice of forum is given no weight and the court should not consider arguments about the parties' private interests. Id. at 582.[4] Instead, in cases where the parties have agreed upon the particular forum, "'the interest of justice' is served by holding parties to their bargain." Id.

Defendants' insistence that this adjustment should occur here ignores the absence of any "agreement as to the most proper forum" or agreement "to bring suit only in a specified forum." To the contrary, the venue provision specifically provides that "where the Associate's principal place of employment is outside of Florida and the Associate's primary duty is direct sales to customers in a defined territory that does not include Florida," "such courts shall not have exclusive jurisdiction." The parties' "settled expectations" is that the Florida courts do not have exclusive jurisdiction. Accordingly, the adjustments to 28 U.S.C. § 1404(a) for an agreed-upon jurisdiction are not applicable here.

   IV.   Transfer Would not Serve the Convenience of Parties and Witnesses and is Not in the Interest of Justice

Where the parties have not agreed to the proper forum, "a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-

---

[4] In addition, where a case based on diversity is transferred to the agreed-upon forum, that court does not apply the state law applicable in the original court. Id.

6

interest considerations." Atlantic Marine Const. Co., 134 S. Ct. at 581. "The Court must also give some weight to the plaintiffs' choice of forum." Id. (citing Norwood, 349 U.S. at 32); see also id. (noting that "plaintiffs are ordinarily allowed to select whatever forum they consider most advantageous (consistent with jurisdictional and venue limitations") . . . .").

In weighing the parties' private interests, a court may consider the following factors: "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Id. at 581 n.6 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981)). Here, both plaintiffs live in Massachusetts. Civ. Action No. 16-cv-11783, White Dec. ¶ 2 [#26]; Civ. Action No. 16-cv-11823, Sigel Dec. ¶2 [#25]. During their employment with OfficeMax and Office Depot, both worked from home in Massachusetts, and their supervisors were based in Massachusetts. Civ. Action No. 16-cv-11783, White Dec. ¶¶ 3-5 [#26]; Civ. Action No. 16-cv-11823, Sigel Dec. ¶¶ 3-5 [#25]. In addition, both plaintiffs' former Office Depot customers are located in this region. Civ. Action No. 16-cv-11783, White Dec. ¶¶ 3-5 [#26]; Civ. Action No. 16-cv-11823, Sigel Dec. ¶¶ 3-5 [#25]. Massachusetts, therefore, is the most convenient forum for the plaintiffs and provides easiest access to witnesses. Although defendants' offices are in Florida, defendants have provided no evidence that they would face evidentiary problems or have difficulty producing witnesses in Massachusetts. See Piper Aircraft Co., 454 U.S. at 258 ("[D]efendants must provide enough information to enable the District Court to balance the parties' interests."). Thus, the parties' private interest factors weigh in favor of plaintiffs' choice of forum.

The public interest factors a court may consider include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." Atlantic Marine Const. Co., 134 S. Ct. at 581 n.6 (quoting Piper Aircraft Co., 454 U.S. at 241 n. 6 (internal quotation marks omitted)). In regards to administrative difficulties, a district court should make a comparative determination between the two forums to determine where the case can be resolved most quickly. Mercier v. Sheraton Int'l, Inc., 935 F.2d 419, 428 (1st Cir. 1991). Defendants argue that statistically the docket in the District of Massachusetts is more congested, so transferring the case to Florida will allow the case to proceed to trial more quickly. Civ. Action No. 16-cv-11823, Def.'s Mot. Transfer 10 [#20]. Plaintiffs counter that their cases filed in Massachusetts are progressing more quickly than the Pelletier action filed months before in Florida. Civ. Action No. 16-cv-11823, Pl. Opposition 10-11 [#23]. Thus, this factor does not weigh strongly in favor of either party.

The second factor—local interest in having localized controversies decided at home—weighs in favor of plaintiffs' choice of forum. Both cases involve an employee who lived and worked in Massachusetts with supervisors and customers based in Massachusetts. Civ. Action No. 16-cv-11783, White Dec. ¶¶ 3-5 [#26]; Civ. Action No. 16-cv-11823, Sigel Dec. ¶¶ 3-5 [#25]. In addition, Massachusetts has a strong local interest in providing a forum for its residents against out-of-state corporations engaged in business in Massachusetts. See Rodriguez v. Samsung Elecs. Co., 734 F. Supp. 2d 220, 228 (D. Mass. 2010). This factor, therefore, weighs against transfer.

The final public interest factor weighs in favor of transfer because Florida law applies in both cases. All parties contractually agreed to the choice of law provision in the Agreement, which states: "[a]ll issues and questions concerning the construction, validity, enforcement, and

8

interpretation of this Agreement shall be governed by, and construed in accordance with, the laws of the State of Florida." Plaintiffs correctly point out that district courts regularly apply the laws of other states. See Atlantic Marine Const. Co., 134 S. Ct. at 584 ("Federal judges routinely apply the law of a State other than the State in which they sit."). Nonetheless, this public interest factor weighs in favor of transfer. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509 (1947) (finding that it is more appropriate to favor the "forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself"). Because Massachusetts has a local interest in providing the forum, but Florida law applies in both cases, the public interest factors do not weigh in favor of either plaintiffs or defendants.

Finally, the Court must give weight to plaintiffs' choice of forum. See Mercier, 935 F.2d at 428 (taking into account "presumption favoring a plaintiff's choice of forum" when weighing private and public interest factors). In fact, "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." Piper Aircraft Co., 454 U.S. at 255. Here, the private and public interest factors do not clearly point toward transfer because the private interest factors weigh in favor of plaintiffs' choice of forum and the public interest factors are neutral. Thus, the presumption favoring plaintiffs' choice of forum prevails.

Defendants argue that the first-filed rule applies, which creates a presumption that the correct forum is the one in which the first action is filed. Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987) ("Where identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision."). However, the first-filed rule does not apply where plaintiffs are not the same parties. Id. (requiring "*identical* actions" (emphasis

added)). Here, neither plaintiff is a party in the Pelletier action. Thus, the first-filed rule creates no presumption as to the correct choice of forum in these cases.

Instead, "[w]here the overlap between two suits is less than complete, the judgment is made case by case, . . . based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." TPM Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F.3d 1, 4 (1st Cir. 1996) (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)). Here, although interpreting the Agreement will occur in each of the three pending actions, that overlap is outweighed by the fact that only one side of the dispute–Office Depot, Inc., and OfficeMax Incorporated–is common to the Massachusetts and Florida actions. The three individual former employees, in contrast, are each party to only one action. As to the other case-by-case factors, the § 1404(a) analysis demonstrates that transfer is not in the interest of justice.

Weighing the private and public interest factors and the presumption favoring plaintiffs' choice of forum, the court finds that transfer is not warranted, and accordingly, DENIES defendants' motions.

IT IS SO ORDERED.

Date: November 28, 2016                                      /s/ Indira Talwani
                                                             United States District Judge