UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PETER C. DAVIS, III, and<br>MERRY WHITE,<br><br>    Plaintiffs,<br><br>    v.<br><br>OFFICE DEPOT, INC. and<br>OFFICEMAX INCORPORATED,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No. 16-cv-11783-IT |
| MICHELLE B. SIGEL,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICE DEPOT, INC. and<br>OFFICEMAX INCORPORATED,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No. 16-cv-11823-IT |

MEMORANDUM AND ORDER

February 28, 2017

TALWANI, D.J.

    Plaintiff Michelle Sigel brings Civil Action No. 16-cv-11823-IT for claims arising out of her former employment with Defendants Office Depot, Inc. ("Office Depot") and OfficeMax Incorporated ("OfficeMax"). Plaintiffs Peter C. Davis, III, and Merry White bring Civil Action No. 16-cv-11783-IT for similar claims arising out of their former employment with Defendants. In both actions, Defendants have moved to dismiss Plaintiffs' claims of fraud and unjust

enrichment.[1] For the following reasons, Defendants' <u>Motion to Dismiss Counts V and VI of Plaintiffs' Second Amended Complaint</u> [#43] in Civil Action No. 16-cv-11783-IT and <u>Motion to Dismiss Counts IV and V of Plaintiffs' First Amended Complaint</u> [#38] in Civil Action No. 16-cv-11823-IT are DENIED.

I.   <u>Background</u>

OfficeMax operated as a large office products supplier until November 2013 when it was acquired by and became a wholly-owned subsidiary of Office Depot, also a large office products supplier. Plaintiffs, who had been OfficeMax employees, accepted sales positions with Office Depot after the acquisition. During the course of Plaintiffs' employment, each company offered Plaintiffs incentive compensation packages in addition to their base salaries. Davis resigned from his position in August 2016, and White and Sigel resigned from their positions in September 2016.

The operative complaints allege violation of the Massachusetts Wage Act,[2] breach of contract, unjust enrichment, and fraud. Plaintiffs further seek declaratory judgments that any restrictive covenants contained in their respective employment contracts are unenforceable.

As grounds for the fraud and unjust enrichment claims, Plaintiffs allege that, during their tenure with OfficeMax and Office Depot, each defendant intentionally misrepresented the manner in which it calculated Plaintiffs' incentive compensation. Specifically, Plaintiffs allege that Defendants represented to them in writing that their incentive compensation was based in part on gross profits from Plaintiffs' respective sales, or in other words, on the difference between the prices charged to customers and the actual cost to Defendants for the products sold.

---

[1] Because the two actions are brought against the same Defendants and the complaints and motions to dismiss are substantially similar, the court addresses the motions jointly.
[2] Mass. Gen. Laws ch. 149, §§ 148, 150.

According to Plaintiffs, despite these representations, Defendants knowingly inflated the actual costs incurred when calculating Plaintiffs' gross profits. Plaintiffs allege that, as a result of these intentional miscalculations, they did not receive the full amount of incentive compensation to which they were entitled.

Defendants now move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the fraud and unjust enrichment claims. Plaintiffs oppose Defendants' motions.[3]

II.  Discussion

    A. *Standard*

To survive a motion to dismiss brought under Rule 12(b)(6), a complaint must allege facts sufficient "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In resolving these motions, the court must accept all factual allegations in the complaints as true and draw all reasonable inferences in favor of the plaintiffs. Iqbal, 556 U.S. at 678-79.

    B. *Fraud*

"Under Massachusetts law, 'fraud is a knowing false representation of a material fact intended to induce a plaintiff to act in reliance, where the plaintiff did, in fact, rely on the misrepresentation to his detriment.'" Smith v. Jenkins, 732 F.3d 51, 62 (1st Cir. 2013) (quoting

---

[3] While these motions were pending, Plaintiffs also filed Notices of Supplemental Authority advising the court that the District Court for the Southern District of Florida denied a motion to dismiss counterclaims of fraud and unjust enrichment brought by another former OfficeMax and Office Depot employee. See Order Denying Pls.' Mot. Dismiss, Office Depot, Inc. and OfficeMax, Inc. v. Arnold, Civ. Action No. 16-81650 (S.D. Fla. Jan. 23, 2017). Pls.' Notice Suppl. Auth., Civ. Action No. 16-cv-11783-IT [#49]; Pl.'s Notice Suppl. Auth., Civ. Action No. 16-cv-11823-IT [#44]. Plaintiffs contend that this decision provides "further support" for the denial of Defendants' motions to dismiss. Decisions by federal district courts are not treated as precedent, however, and the aforementioned order provides little analysis for the court to weigh as persuasive reasoning. Further, despite the common defendants, since the decision is not a final judgment, collateral estoppel does not apply.

Fordyce v. Town of Hanover, 929 N.E.2d 929, 936 (Mass. 2010)). Additionally, a claim of fraud must satisfy the particularity requirements set forth in Rule 9(b). Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 358 (1st Cir. 2013) (quoting Juarez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 279-80 (1st Cir.2013)). Under this heightened pleading standard, a plaintiff must "specify the who, what, where, and when of the allegedly false or fraudulent representation." Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 29 (1st Cir. 2004); see also Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

     Defendants first argue that Plaintiffs have failed to set forth a *prima facie* case of fraud because their claims are premised on a failure to disclose a material fact. However, this argument overlooks Plaintiffs' allegations that Defendants informed Plaintiffs in writing that their incentive compensation would be calculated in one manner and then knowingly calculated it another way. This constitutes an affirmative misrepresentation of material fact, not a failure to disclose.

     Defendants next argue that Plaintiffs failed to allege the requisite fraudulent intent. Specifically, they posit that Plaintiffs do not allege facts regarding Defendants' "state of mind." However, Plaintiffs allege that Defendants intentionally misrepresented, miscalculated, and understated their incentive compensation by knowingly inflating the costs used in the calculation of their gross profits. Since "[m]alice, intent, knowledge, and other conditions of a [defendant]'s mind may be alleged generally," Fed. R. Civ. P. 9(b), these allegations are sufficient at the pleading stage.

Further, it is of no moment that Plaintiffs do not specify which corporate agent knew of the misrepresentations. A central purpose behind the particularity requirement is "to place the defendants on notice and enable them to prepare meaningful responses." New England Data Servs., Inc. v. Becher, 829 F.2d 286, 289 (1st Cir. 1987). Here, Plaintiffs have put Defendants on notice by identifying specific written statements made in Defendants' compensation plans. Defendants are not left in the dark.

In sum, Plaintiffs allege that, during the course of their respective employment with Defendants, Defendants provided them with documents describing their incentive compensation as partially being based on the prices charged to customers minus the actual costs of products. Plaintiffs allege that, in spite of these representations, Defendants purposely inflated the costs in their calculations. Plaintiffs further allege that they reasonably relied upon Defendants' representations and suffered injury as a result. Consequently, Plaintiffs have presented a *prima facie* case of fraud and have satisfied the heightened pleading standard.

  C. *Unjust Enrichment*

"Unjust enrichment is defined as 'retention of money or property of another against the fundamental principles of justice or equity and good conscience.'" Santagate v. Tower, 833 N.E.2d 171, 176 (Mass. App. Ct. 2005) (quoting Taylor Woodrow Blitman Constr. Corp. v. Southfield Gardens Co., 534 F.Supp. 340, 347 (D. Mass. 1982)). To prevail on a claim for unjust enrichment, a plaintiff must demonstrate: "(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit under the circumstances would be inequitable without payment for its value." Mass. Eye & Ear Infirmary v. QLT Phototherapeutics Inc., 552 F.3d 47,

57 (1st Cir. 2009) (quoting 26 Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts § 68:5 (4th ed. 1993)).

Defendants contend that Plaintiffs' unjust enrichment claims must fail because an alternative remedy exists in the form of the contractual claims they also bring. Although "[a]n equitable remedy for unjust enrichment is not available to a party with an adequate remedy at law," Santagate, 833 N.E.2d at 176, "[a] party may set out [two] or more statements of a claim . . . alternatively or hypothetically, either in a single count . . . or in separate ones" at the pleadings stage, Fed. R. Civ. P. 8(d)(2). Consequently, Plaintiffs may "plead alternative and even inconsistent legal theories, such as breach of contract and unjust enrichment, even if [they] only can recover under one of these theories." Lass v. Bank of Am., N.A., 695 F.3d 129, 140 (1st Cir. 2012) (quoting Vieira v. First Am. Title Ins. Co., 668 F.Supp.2d 282, 294-95 (D. Mass. 2009); see also id. (holding that the mutually exclusive claims of breach of contract and unjust enrichment could proceed past the pleading stage); Aetna Cas. Sur. Co. v. P & B Autobody, 43 F.3d 1546, 1555 (1st Cir. 1994) (holding that parties "may be allowed to maintain alternative contentions at least until the evidence is closed").

Citing Forbes v. Appleyard, 63 N.E. 894 (Mass. 1902), Defendants further contend that a claim for unjust enrichment cannot survive unless Plaintiffs also allege that they have returned the monies already paid to them under the incentive compensation plans. Defendants' reliance on Forbes is misplaced. In Forbes, the defendant had fully paid the plaintiff under an express contract for his services through a certain date. Id. at 894. On appeal of a directed verdict, the Massachusetts Supreme Court found no evidence that the plaintiff had worked any additional time after the defendant's breach to support his *quantum meruit* claim and then considered that "plaintiff probably wanted to go to the jury for additional compensation for the time for which he

6

had been paid, on the ground that the whole matter was set at large by the defendant's alleged breach of contract." Id. at 895. The Court rejected this position, finding that, "ha[ving] not returned or offered to return what he has received," the plaintiff "has not put himself in the position of rescinding the contract from the beginning." Id. at 895. The Court expressly declined to consider whether this course was consistent with a *quantum meruit* claim. Id. at 895. Here, Plaintiffs make no argument based on rescission of contract, and the failure to allege the repayment of monies has no bearing on their unjust enrichment claims.

III.     Conclusion

For the foregoing reasons, the Defendants' Motion to Dismiss Counts V and VI of Plaintiffs' Second Amended Complaint [#43] in Civil Action No. 16-cv-11783-IT and Motion to Dismiss Counts IV and V of Plaintiffs' First Amended Complaint [#38] in Civil Action No. 16-cv-11823-IT are DENIED.

IT IS SO ORDERED.

Date: February 28, 2017                                    /s/ Indira Talwani
                                                           United States District Judge